UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-22362-BLOOM/Elfenbein

ELEAZAR RODRIGUEZ, et al.,

    Plaintiffs,

v.

DAYMA DESIGN, INC., and
SERGIO D. ZEGEN, individually,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Dayma Design Inc. and Sergio D. Zegen's ("Dayma Design" and "Zegen," together, "Defendants") Motion to Dismiss Plaintiffs' Complaint ("Motion"), ECF No. [3]. Plaintiffs Eleazar Rodriguez, Nazaraeno Leon, and Cecilia Marconi ("Rodriguez," "Leon," and "Marconi," together "Plaintiffs") filed a Response in Opposition ("Response"), ECF No. [8], to which Defendants filed a Reply, ECF No. [14]. The Court has reviewed the Motions, the supporting and opposing submissions, the record in the case, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I. BACKGROUND**

On April 5, 2024, Plaintiffs filed their Complaint for violations of the Fair Labor Standards Act ("FLSA"), breach of contract, quantum meruit, unjust enrichment, and unlawful discrimination based on national origin. *See generally* ECF No. [1-2]. The Complaint was filed in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled *Eleazar Rodriguez, et al., vs. Dayma Design, Inc., et al*, Case No. 2024-006147-CA-01. *Id*. A waiver of service was executed on May 20, 2024, and Defendants filed their Notice of Removal

Case No. 24-cv-22362-BLOOM/Elfenbein

pursuant to 28 U.S.C. § 1441, § 1332(a), and Local Rule 7.2, in the United States District Court for the Southern District of Florida, Miami Division on June 19, 2024. ECF No. [1] at 1. The Claims raised in the Complaint are:

> Count I: Wage & Hour FLSA violation Against Dayma Design
> Count II: FLSA Retaliation Against Dayma Design
> Count III: Breach of Contract Against Dayma Design
> Count IV: *Quantum Meruit* (In The Alternative) Against Dayma Design
> Count V: Unjust Enrichment (In The Alternative) Against Dayma Design
> Count VI: Wage & Hour FLSA violation against Zegen
> Count VII: FLSA Retaliation Against Zegen
> Count VIII: Breach of Contract against Zegen
> Count IX: *Quantum Meruit* (In The Alternative) Against Zegen
> Count X: Unjust Enrichment (In The Alternative) Against Zegen
> Count XI: Cecilia Marconi's Discrimination Against Dayma Design Based On National Origin
>
> ECF No. [1-2]

The Complaint alleges that Plaintiffs are covered employees for the purposes of the FLSA. ECF No. [1-2] ¶ 3. Defendants employed Rodriguez as a Builder from October 26, 2015 through February 16, 2021, and employed Leon as an Installer from August 15, 2005 through January 22, 2021, and that neither was paid "their owed and due wages" for those time periods nor provided time off. ECF No. [1-2] ¶¶ 7-8. The Complaint alleges Marconi was employed with Defendants as a Designer and was never provided time off and was not paid wages "from 2012 until present day." *Id*. ¶¶ 7-8.

Additional allegations include that Zegen made discriminatory comments towards Rodriguez "many times" with respect to her Guatemalan heritage, and when she contracted COVID in 2021, Zegen was angered that she needed to miss work. *Id*. ¶¶ 11-12. Zegen terminated Rodriguez on February 15, 2021. *Id*. ¶11. Plaintiffs allege their employment was terminated for "objecting to Defendant's failure to compensate them. . . for reporting the lack of due wages and for opposing the Defendant's discriminatory conduct." *Id*. ¶ 14. Plaintiffs allege "the Defendant"

2

was at all pertinent times an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s)." *Id*. ¶ 19. Further, Plaintiffs allege the FLSA applies due to Defendant's business activities, and because they performed work for the Defendants that affects interstate commerce. *Id*. Plaintiffs allege Defendant showed reckless disregard for the provisions of the FLSA, therefore double damages are warranted. *Id*. ¶¶ 19, 21.

In their Motion, Defendants argue that all Counts should be dismissed. Counts I, II, VI, and VII fail to allege plausible causes of action for violation of the FLSA because the alleged employment and unlawful retaliation took place outside the limitations period of three years. Counts III, IV, V, VIII, IX and X should be dismissed because they are preempted by the FLSA, are brought outside the maximum limitations period allowed by Fla. Stat. §95.11(4)(c), and fail to state a claim. Counts VIII, IX, and X should also be dismissed for failure to allege a cause of action against Zegen. Finally, Count XI fails to state a cause of action for discrimination based on National Origin, fails to allege that Dayma Design was an "employer" as defined by the Florida Civil Rights Act of 1992, Fla. Stat. § 760.02(7) ("FCRA"), and fails to allege exhaustion of administrative remedies. ECF No. [3] at 1.

Plaintiffs respond the Motion fails to demonstrate their failure to state a claim, and the "continuing violation doctrine applies" allowing the claims to be filed beyond the maximum permissible three-year limitation imposed by the FLSA. ECF No. [8] at 3. Plaintiffs argue their state law claims are sufficiently pled and are not preempted by the FLSA as those claims seek remedies that are not part of the FLSA, including emotional distress and punitive damages. *Id*. Finally, Plaintiffs argue that Count XI sufficiently alleges the exhaustion of administrative remedies, and that Dayma Design employed the requisite number of employees to qualify as an

"employer" under the FCRA. ECF No. [8] at 3-4. Defendants reply that the Plaintiffs are unresponsive to the arguments in their Motion and have failed to provide any cases to support their positions. ECF No. [14] at 2-3.

## II. LEGAL STANDARD

### A. Fair Labor Standards Act

"[T]he requirements to state a claim of a FLSA violation are quite straightforward." *Schwartz v. Four Residential, Inc.*, 16-CV-80423, 2016 WL 10952399, at *2 (S.D. Fla. Dec. 14, 2016) (citing *Sec'y of Labor v. Labbe*, 319 Fed. App'x 761, 763 (11th Cir. 2008)). To establish a claim for unpaid wages under the FLSA a plaintiff must show that an employment relationship existed between the plaintiff and defendant, work was performed for which the plaintiff was not properly compensated, and that the parties are covered by the FLSA. *Michaud v. US Steakhouse Bar and Grill, Inc.*, No. 6:04-cv-1371, 2007 WL 2572197, *3-4 (M.D. Fla. Sept. 5, 2007); *see also Sec'y of Labor*, 319 Fed. App'x at 763.

An employer who violates 29 U.S.C. § 206 or § 207 of the FLSA is liable to the employee affected in the amount of his unpaid minimum wages or overtime wages "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Only when "the employer shows to the satisfaction of the court that the act or omission giving rise to [an FLSA action] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA] the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title." 28 U.S.C. § 260; *see also Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). Additionally, the FLSA authorizes an award of attorneys' fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b).

### B. Motion to Dismiss

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 556-57 (2007)).

"Where a defendant seeking dismissal of a complaint under Rule 12(b)(6) does not provide legal authority in support of its arguments, it has failed to satisfy its burden of establishing its entitlement to dismissal." *Sprint Sols., Inc., v. Fils-Amie,* 44 F. Supp. 3d 1224, 1228 (S.D. Fla. Sept. 12, 2014) (citing *Super. Energy Servs., LLC v. Boconco, Inc.*, No. 09-0321, 2010 WL 1267173, at *5-6 (S.D. Ala. Mar. 26, 2010) and *United States v. Vernon*, 108 F.R.D. 741, 742 (S.D. Fla. Jan. 7, 1986)).

### III. DISCUSSION

#### A. FLSA Claims: Counts I, II, VI, and VII

Plaintiffs' FLSA claims are brought against each Defendant seeking to recover unpaid wages "from the date of hire and/or three years from the date of the filing of this Complaint." ECF No. [1-2] ¶¶ 20, 48. Plaintiffs also allege both Defendants retaliated against them, and seek

damages pursuant to 29 U.S.C. § 215(a)(3) which provides that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act[.]" *Id*. ¶¶ 21, 24, 52, 55. Plaintiffs seek actual damages for unpaid wages and overtime wages, double damages as liquidated damages, and an award of attorney's fees. *Id*. ¶ 27.

Defendants move to dismiss these claims because they were filed beyond the statute of limitations. ECF No. [3] at 4. For support, Defendants cite to *Monteverde v. West Palm Beach Food & Bev., LLC*, No. 15-cv-81203-Rosenberg, 2016 WL 1161224 (S.D. Fla. Mar. 23, 2016) (citing to 29 U.S.C. § 225). Plaintiffs respond their filing is timely because they "have alleged facts that suggest the continuing violation doctrine applies, which allows claims to be filed outside the limitations period if they are part of an ongoing unlawful employment practice." ECF No. [8]. Defendants reply Plaintiffs failed to address the deficiencies identified in the Motion and provide no explanation how overtime claims can be brought pursuant to the FLSA for alleged violations that took place more than three years before the Complaint was filed on April 5, 2024. ECF No. [14] at 1.

The Court agrees with Defendants. On a motion to dismiss, the Court must take the factual allegations in the complaint as true and draw all inferences in favor of the Plaintiffs. In so doing, this Court notes that Rodriguez' employment ended on February 16, 2021, and Leon's employment ended on January 22, 2021. ECF No. [1-2] ¶ 7. Because Plaintiffs have alleged that the Defendants "knew and/or showed reckless disregard for the FLSA," they had three years to file their claim. *See* 29 U.S.C. § 255(a) (providing "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."). Here, the record indicates that

the Plaintiffs filed their claim on April 5, 2024, according to the state court docket sheet: this is after the statutory three-year period, and therefore, their FLSA claims are time barred.

Regarding Marconi, the Court disagrees with Defendants' argument that "there is no information as to the dates of employment for Plaintiff Marconi." ECF No. [3] at 4. Dates are provided for Marconi, however they are contradictory. The Complaint alleges that Marconi *was* employed with Defendants (indicating that she is no longer employed by Defendants) but that she has never been provided time off or paid her "owed and due wages. . . from 2012 *until present day*." *Id*. ¶¶ 7-8. Those alleged time frames are vague and contradictory. As all Plaintiffs allege they experienced constructive discharge within the counts for FLSA violations due to retaliation, the reasonable inference is that Marconi is no longer employed by Defendants. *Id*. ¶¶ 26, 54. On a motion to dismiss, only reasonable inferences can be taken as true. Accordingly, this Court cannot infer that Marconi has complied with the statutory deadlines provided in § 255(a) to file an FLSA claim.

Plaintiffs' argument that the continuing violation doctrine applies is without merit. As in *Knight v. Columbus*, 19 F.3d 579 (11th Cir. 1994) there must be "one incessant violation" that permits a plaintiff "to recover for the entire duration of the violation, without regard to the fact that it began outside the statute of limitations window." *Id*. at 582. As determined in *Knight*, absent an "incessant violation" an FLSA violation for unpaid wages or overtime wages occurs each time a paycheck is issued, each with its own statute of limitations. *Id*. at 581-82. Moreover, allegations "that the employer presently refuses to rectify its past violations will not satisfy the [statute of limitations.]" *Id*. at 580 (citing *Gonzalez v. Firestone Tire & Rubber*, 610 F.2d 241, 249 (5th Cir. 1980)).[1] Here, all of Plaintiffs' claims for FLSA violations are barred because the last alleged

---

[1] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209

violations for unpaid wages and overtime wages occurred in January and February 2021, which is outside of the statute of limitations. As to Marconi, the continuing violation doctrine does not apply because she failed to state a claim upon which relief can be granted as she failed to establish or allow for a reasonable inference that her dates of employment satisfy § 255(a).

Instead, as observed in *Monteverde* the "maximum statute of limitations period for FLSA claims is three years." 2016 WL 1161224, at *7. Specifically, for willful violations, as alleged here, 29 U.S.C. § 255(a) provides that "a cause of action arising out of a willful violation be commenced within three years after the cause of action accrued." Accordingly, Plaintiffs Rodriguez and Leon's FLSA claims are time-barred. Marconi has failed to state a claim upon which relief can be granted because she failed to establish or allow for a reasonable inference that her dates of employment satisfy § 255(a). Accordingly, Plaintiffs' FLSA claims set forth in Counts I, II, VI, and VII must be dismissed.

### B. State Law Claims: Counts III, IV, V, VIII, IX, and X

Defendant moves to dismiss Counts III and VIII (breach of contract), Counts IV and IX (*quantum meruit*) and Counts V and X (unjust enrichment) as these are Florida common law claims that are duplicative of the FLSA claims and thus preempted. ECF No. [3] at 4. Defendant argues the Florida state law claims should be dismissed with prejudice as the FLSA is the exclusive remedy for such claims. *Id*. at 5. For support, Defendants cite to *Pirowskin v. Atlantic Pacific Ass'n Mmgt, Inc.*, No. 20-cv-21380-Bloom, 2020 WL 2322920 (S.D. Fla. May 11, 2020) and *Bell v. 1220 Mmgt. Grp., LLC*, Case No. 17-cv-22479-Gayles, 2018 WL 3054795 (S.D. Fla. June 20, 2018). Defendants also argue the claims for unjust enrichment and *quantum meruit* should be dismissed as Plaintiffs failed to state a cause of action as they failed to plead facts in support of

---

(11th Cir. 1981) (*en banc*).

those claims. ECF No. [3] at 10. Furthermore, Defendants assert the claims for breach of contract, *quantum meruit*, and unjust enrichment against Zegen in Counts VIII, IX, and X should be dismissed with prejudice as the claims fail to justify piercing the corporate veil to reach Zegen to impose individual liability against him. *Id*. at 14.

Plaintiffs respond that their claims are not preempted because they seek remedies not available through the FLSA, such as emotional distress and punitive damages, and that state law claims can coexist with federal claims. Plaintiffs also argue that their claims provide sufficient factual detail to state a claim for relief. ECF No. [8] at 3-4.

Defendants reply that Counts III, IV, X, VIII, IX, and X do not contain claims for emotional distress or punitive damages. ECF No. [14] at 1. Further, to sufficiently claim punitive damages, a party to a contract must prove a tort that is independent from the acts that breached the contract. *Fitzgerald v. McNae*, 22-cv-22171, 2023 WL 8477643, at *19 (S.D. Fla. Oct. 13, 2023) (citation omitted). Defendants also point out that Plaintiffs are unresponsive to their arguments regarding preemption and the legal arguments in support. ECF No. [14] at 1.

This Court and others in this district have held that "[a]s a matter of law, a plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to a FLSA claim." *Pirowskin*, 2020 WL 2322920, at *2 (quoting *Bule v. Garda CL SE, Inc.*, No. 14-21898-CIV, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014) (citation and alterations omitted)); *see also Bell v. 1220 Mmgt. Grp, LLC*, No. 17-cv-22479-Gayles, 2018 WL 3054795, at *2 (S.D. Fla. June 20, 2018). Courts in this district have long held that "[s]ection 216 of the FLSA is the exclusive remedy for enforcing rights created under the Act." *Bule*, 2014 WL 3501546, at *2. While "the FLSA does not include express preemption language, 'it is Congress'

9

clear intent that the FLSA be 'the sole remedy available to employees for enforcement of whatever rights he may have under the FLSA.'" *Bell*, 2018 WL 3054795, at *2. (quotations omitted).

In determining when claims are preempted by the FLSA, courts focus on whether a party "duplicates its allegations across a series of Counts . . . pursuant to both state and federal law." *Id*. (quoting *Bule*, 2014 WL 3501546, at *2) (internal quotations omitted). Here, Plaintiffs have done just that as each of the eleven Counts in their Complaint "readopts each and every factual allegation as stated in paragraphs 1 through 14 of this Complaint as if set out in full herein." ECF No. [1-2] ¶¶ 15, 23, 28, 31, 37, 43, 51, 56, 59, and 65. Therefore Plaintiffs' claims are clearly "factually duplicative of the FLSA counts and based upon a violation of rights created by the FLSA." *Bell*, 2018 WL 3054795, at *2.

Regarding Plaintiffs' argument that their state law claims seek remedies including emotional distress beyond what is available through the FLSA, a review of the Complaint establishes that those claims do not exist here. Even if Plaintiffs *had* sufficiently sought remedies for emotional distress and punitive damages, such claims would still be due to be dismissed. In *Bell*, the court noted the plaintiffs sought various remedies under FDUTPA and the FTC Act. The court noted while such claims *may* have provided remedies not available in the FLSA, because the claims were "factually duplicative of the FLSA counts and based upon a violation of rights created by the FLSA" the FDUTPA and FTC claims were dismissed as the claims were predicated on the same facts as the FLSA claims. *Id*. at *2 ("it is immaterial that Plaintiffs are seeking compensation under separate claims for separate damages against Defendants as the contested claims are still factually duplicative of the FLSA counts and based upon a violation of rights created by the FLSA."); *see also, Bule*, 2014 WL 3501546, at *2 ("Ultimately, a plain reading of Plaintiff's state law claims reveal they are all, without a doubt, dependent on a finding of the same violations of

10

Case No. 24-cv-22362-BLOOM/Elfenbein

the FLSA. Therefore, this Court finds it prudent . . . [to] prohibit plaintiffs from avoiding the procedures and substantive rules of the FLSA through artful pleading.").[2] Plaintiffs have alleged parallel claims based on the same set of facts in their Complaint for all FLSA claims and all state law claims. The holding in *Bell* is therefore persuasive.

Finally, Plaintiffs have not responded to Defendants' arguments with any supportive legal argument.[3] That deficiency suggests Plaintiffs have forfeited the point. *See Melford v. Kahane & Assocs*., 371 F. Supp. 3d 1116, 1126 n.4 (S.D. Fla. 2019) ("Generally, a litigant who fails to press a point by supporting it with pertinent authority. . . forfeits the point (internal quotations and citation omitted)).

*Bule v. Garda CL Se., Inc.*, No. 14–21898–CIV, 2014 WL 3501546 (S.D. Fla. July 14, 2014) is instructive as to whether to dismiss the state law claims with prejudice. In *Bule*, as here, the state law claims consisted of breach of contract, unjust enrichment, and *quantum meruit*. The court observed the claims were "duplicative and preempted by the FLSA" and dismissed them with prejudice. *Id*. at *4.  As Plaintiffs in this case have set forth state law claims that are duplicative of their FLSA claims, Counts III, IV, V, VIII, IX, and X are also dismissed with prejudice.

### C. National Origin Discrimination Claim: Count XI

Marconi alleges that she was discriminated against due to her national origin, and alleges the applicable statute is the FCRA. ECF No. [1-2] ¶ 72. The FCRA is the Florida Civil Rights Act

---

[2] While not raised by Defendants, the Court notes that *quantum meruit* and unjust enrichment, and therefore recovery under those theories, is "only available where there is no adequate remedy at law." *Bule*, 2014 WL 3501546, at *3. (citing *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1518–19 (11th Cir. 1994)). This is an independent basis to dismiss those claims as the FLSA provides an adequate remedy at law and Plaintiffs have failed to allege otherwise.
[3] The arguments in the Respone are made without any citation to legal authority, or a direct argument against the authorities relied on by Defendants in their Motion.

of 1992, Fla. Stat. § 760. 01 *et. seq*. Although the FCRA "shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved" it is a state law, and this Court has determined there are no remaining federal causes of action by which to exercise supplemental jurisdiction over the state law claims. Count XI is dismissed without prejudice as this Court lacks jurisdiction over the claim.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss, **ECF No. [3],** is **GRANTED**.

2. The Complaint, **ECF No. [1-2],** is **DISMISSED without prejudice** as to Count XI and with prejudice as to all other Counts.

3. The Clerk of the Court is directed to **REMAND** this case to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

4. The Clerk of Court is directed to **CLOSE** this case.

5. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 11, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record